MAX MARGOLIUS, PLAINTIFF-RESPONDENT, v. CITIZENS BUILDING AND LOAN ASSOCIATION, DEFENDANT-APPELLANT.

Submitted May 26, 1933—Decided September 27, 1933.

For the appellant, *Joseph F. Deegan.*

For the respondent, *Thomas B. Hall.*

The opinion of the court was delivered by

PARKER, J. The appeal is "from the whole of the judgment entered in this cause." No judgment is printed and where the state of the case does not exhibit a judgment, a dismissal of the appeal would be in order. *Mayer* v. *Roche,* 73 *Atl. Rep.* 516. However, as the printed book shows an assessment of damages by the clerk, we may assume for present purposes that a judgment was entered thereon.

The grounds of appeal will be taken up in their order.

No. 1. "Because the Honorable Joseph L. Bodine, justice of the Supreme Court, erred in denying the first motion to strike out the complaint, for the reasons set out in the notice of motion."

The complaint sets out that plaintiff in 1918 recovered a judgment in the District Court against one Rasmussen, and docketed the same in the Common Pleas: that Rasmussen in 1930 paid to defendant $558.08 to be used in paying the judgment to plaintiff, but defendant has never done so. This seems to present a lawful claim by plaintiff for money had

and received to his use. It is argued that the complaint does not aver plaintiff to be still the owner of the judgment: but the continuance of ownership is a matter of presumption, and it is for the other party to plead a change. So in an action by a payee or endorsee of a promissory note, the old forms go no further than to aver the creation of the right in the plaintiff. 2 *Chit. Pl.* 115, 124, &c. In a declaration on a judgment, it is proper to aver that the judgment remains in force, not reversed, satisfied or otherwise vacated (*Ibid.* 483); though in a note to 1 *Saund.* 230, this is said to be unnecessary. Judgments were apparently not assignable in England, but were assignable in Ireland, and Chitty contains a form of declaration on a "conusance" of a judgment, page 487, the assignment being pleaded on page 492, and without any averment that the assignee continues to be the owner. The case is within the rule that it is not necessary to state matter which would come more properly from the other side. *Steph. Pl.* 314. It is further suggested in the brief that the record shows the judgment to be canceled. For present purposes it is enough to say that the first motion to strike the complaint was not based on any affidavit of facts but on alleged insufficiency of the complaint on its face, and that the notice was silent on the subject of cancellation.

The second ground of appeal is the same, except that it refers to a second motion to strike out the complaint. The grounds appear to be the same in substance, and nothing need be added to what has been said above.

The third ground specifies nothing, and the fourth does not challenge any judicial action.

The fifth and sixth deal respectively with a first and second motion to set aside the judgment, and a rule to show cause in relation thereto. Nothing in relation to these matters is laid before us in the state of the case, and naturally we do not consider them.

The foregoing covers all the grounds of appeal. We find no error properly brought up, and the judgment—if there be a judgment—will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL. JJ. 14.

*For reversal*—None.